Felipe CHAVEZ–GARCIA, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 08–72906.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

Felipe Chavez–Garcia, Lakewood, CA, pro se.

Andrea Gevas, Stacy Stiffel Paddack, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Felipe Chavez–Garcia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying his motion to con-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tinue and ordering him removed. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue and review de novo claims of due process violations. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny the petition for review.

The IJ properly deemed Chavez–Garcia's applications abandoned after he failed to file them by the deadline set by the IJ. *See* 8 C.F.R. § 1003.31(c) (authorizing the IJ to set filing deadlines and to deem waived any application not filed by the deadline). The IJ did not abuse his discretion in denying Chavez–Garcia's motion to continue, where Chavez–Garcia had been granted a prior continuance to prepare the applications and he did not establish good cause. *See Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988) ("[T]he decision to grant or deny continuances is in the sound discretion of the trial judge") (internal quotations omitted); 8 C.F.R. § 1003.29. It follows that Chavez–Garcia has not shown a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.